IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JESSICA WOJTASIK,**  )<br>)<br>**Plaintiff,**  )<br>)<br>v.  )<br>)<br>**NATIONAL CREDIT ADJUSTERS, LLC,**  )<br>)<br>**Defendant.**  )<br>_____)  | **Case No. 14-2150-CM** |

## MEMORANDUM AND ORDER

Plaintiff Jessica Wojtasik filed this action against defendant National Credit Adjusters, LLC, alleging that defendant violated the Fair Debt Collection Practices Act ("FDCPA") by repeatedly calling plaintiff's place of employment about collection of a debt. *See* 15 U.S.C. § 1692 *et seq*. Defendant failed to answer the complaint, and the Clerk of the Court entered default against defendant. The case is now before the court on Plaintiff's Motion for Default Judgment (Doc. 9).

### I.  Factual Background

The following facts are taken from plaintiff's complaint and presumed true. One of defendant's agents (who will simply be referred to as "defendant") began calling plaintiff's place of employment in or about April 2013. Plaintiff's manager informed defendant that company policy prohibited plaintiff from receiving personal calls at work. Despite that admonition, defendant called again and spoke to one of plaintiff's co-workers. But this was only the beginning. Defendant later spoke to plaintiff's office bookkeeper and another co-worker multiple times—each time referencing plaintiff's debt. Eventually, defendant spoke with plaintiff herself. During that call, plaintiff told defendant that she could not receive personal calls at work and gave defendant her personal cell phone number. Plaintiff's manager overheard and told plaintiff to end the call immediately.

As a result of defendant's communications, plaintiff was demoted. She also suffered humiliation, emotional distress, anxiety, and other negative mental symptoms because of defendant's practices.

Plaintiff initiated this suit on April 1, 2014—within the FDCPA's one-year time limit. *See* 15 U.S.C. § 1692k(d). Plaintiff served the summons on defendant on June 23, 2014. (Doc. 3.) Defendant was required to answer plaintiff's complaint by July 14, 2014. That did not happen. On October 3, 2014, plaintiff asked the Clerk of the Court to enter default. (Doc. 5.) The Clerk did so the same day. (Doc. 6.) Plaintiff then asked the court for default judgment on October 21, 2014. (Doc. 9.) Defendant's deadline to respond to that motion passed without response.

Plaintiff requests monetary damages in the amount of $9,425, consisting of (1) $5,000 in actual damages under 15 U.S.C. § 1692k(a)(1); (2) the full $1,000 statutory award under 15 U.S.C. § 1692k(a)(2)(A); (3) $425 in court filing costs; and (4) reasonable attorney's fees totaling $3,000.

**II.    Legal Standards**

    **A.    Default Judgment**

When a party fails to respond or otherwise appear, the court (or, in some cases, the Clerk of the Court) may enter default judgment. *See* Fed. R. Civ. P. 55. It is a two-step process. *See id*. First, when a defendant fails to plead or defend, and the failure has been shown by affidavit or other methods, the clerk must enter the default of the party. *Id.* at 55(a). After default is entered, the defendant is deemed to have admitted the plaintiff's well-pleaded allegations of fact. *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).

Second, after the clerk enters default, the party may apply for default judgment. *See* Fed. R. Civ. P. 55(b). Courts generally favor disposition of a case on its merits over default judgment. *See Am. Contractors Indem. Co. v. Atamian*, No. 08-2586-JWL/GLR, 2010 WL 3862034, at *4 (D. Kan.

Aug. 6, 2010) (citations omitted).  Default judgments are harsh sanctions meant to protect the diligent party from undue delay because of the defendant's unresponsiveness.  *See id.* (citation omitted).  But the court has broad discretion in deciding whether to enter a default judgment.  *See Olivas v. Bentwood Place Apartments, LLC*, No. 09-4035-JAR, 2010 WL 2952393, at *4 (D. Kan. July 26, 2010).  Even after default, the court must determine whether the uncontested facts contain a legitimate basis for entry of a judgment.  *See id*.

**B.     FDCPA**

The FDCPA's purpose is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusing debt collection practices are not competitively disadvantaged, and to promote consistent [s]tate action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).

In addition to actual damages, the FDCPA allows successful plaintiffs to recover "such additional damages as the court may allow, but not exceeding $1,000."  15 U.S.C. § 1692k(a)(2)(A).  The FDCPA also allows a successful plaintiff to recover "the costs of the action, together with a reasonable attorney's fee as determined by the court."  *Id.* § 1692k(a)(3).  The court considers several factors in determining the amount of statutory damages to award to a successful plaintiff under FDCPA.  These factors include "the frequency and persistence of noncompliance by the debtor collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."  *Id.* § 1692k(b)(1).

**III.     Analysis**

Plaintiff complied with the two-step process required to obtain a default judgment.  *See* Fed. R. Civ. P. 55(a)–(b).  After defendant failed to respond or otherwise appear, plaintiff received an entry of default against defendant.  Plaintiff now asks the court to enter default judgment against defendant.

The court has adequate information and documentation to determine without a hearing that default judgment is warranted in the amount of $9425.  *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1172 (10th Cir. 2011) ("Rule 55 . . . does not require that the district court receive evidence on the claimed damages amount before entering a default judgment; rather, the Rule simply allows the district court to conduct a hearing if it believes that additional investigation or evidence is necessary.") (citations omitted).  Defendant repeatedly contacted plaintiff's place of employment after being told that plaintiff was not allowed to receive calls there.  This violated 15 U.S.C. § 1692c(a)(3).  And defendant told third parties that plaintiff had defaulted on debt, violating 15 U.S.C. § 1692c(b).  Defendant also violated 15 U.S.C. § 1692e(5) by threatening to take action that it could not or would not take, and 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations.

Defendant was both persistent and intentional.  Defendant's actions caused plaintiff anxiety and stress, and also resulted in a demotion at work.  She now makes less money than before defendant started calling her place of employment.  Plaintiff has shown that she is entitled to compensatory and statutory damages, as well as reasonable attorney's fees and costs.  The attorney's fees requested by plaintiff are reasonable, as set forth in her attorney's affidavit.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 9) is granted.  The Clerk of the Court shall enter judgment in the amount of $9,425 against defendant, which includes $3,000 in attorney fees and $425 in court costs.

The case is closed.

Dated this 4th day of December, 2014, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**